1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WESLEY ELVIS PEDEN,                          No.  2:23-cv-02165-KJM-KJN (PS)

12                    Plaintiff,                   FINDINGS AND RECOMMENDATIONS

13          v.

14   TARIQ ZAMAN, ET AL.,

15                    Defendant.

16

17          Plaintiff, proceeding without counsel in this action, requests leave to proceed in forma

18   pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an

19   action "without prepayment of fees or security" by a person who is unable to pay such fees).

20   However, because the undersigned finds that the court lacks subject matter jurisdiction over this

21   action, the undersigned recommends that the action be dismissed without prejudice, and that

22   plaintiff's application to proceed in forma pauperis in this court be denied as moot.  See United

23   Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (noting the

24   federal court's independent duty to ensure it has subject matter jurisdiction in the case).

25   ////

26   ////

27

28
_____
[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to
E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

1    **Legal Standards**

2    Pro se pleadings are to be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 & n.7

3    (9th Cir. 2010) (liberal construction appropriate even post–Iqbal).  Prior to dismissal, the court is

4    to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it

5    appears at all possible the defects can be corrected.  See Lopez v. Smith, 203 F.3d 1122, 1130-31

6    (9th Cir. 2000) (en banc).  However, if amendment would be futile, no leave to amend need be

7    given.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

8    A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient

9    facts to allege a cognizable legal theory.  Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir.

10    2015).  To avoid dismissal for failure to state a claim, a complaint must contain more than "naked

11    assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of

12    action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

13    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

14    statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Thus, a complaint "must

15    contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

16    face."  Id.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

17    court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

18    When considering whether a complaint states a claim upon which relief can be granted,

19    the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S.

20    89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan

21    v. Allain, 478 U.S. 265, 283 (1986).  The court is not, however, required to accept as true

22    "conclusory [factual] allegations that are contradicted by documents referred to in the complaint,"

23    or "legal conclusions merely because they are cast in the form of factual allegations."  Paulsen v.

24    CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

25    **Analysis**

26    Plaintiff brings this action against defendants Tariq Zaman, George Bernard, and Joshua

27    B. Clark.  (ECF No. 1.)  Plaintiff alleges defendant Zaman, who owns plaintiff's former

28    residence, conspired with defendant Bernard and defendant Clark to evict plaintiff and render him

2

1    homeless.  (See ECF No. 1 at 3, citing Sacramento Superior Court Case No. 23UD04038 and 5-6,

2    Eviction Notice and Notice of Trial.)  Plaintiff asks the court to stop the eviction and award

3    damages.  (Id. at 3-4.)

4         The Younger abstention doctrine prohibits this court from interfering in state court

5    unlawful detainer actions.  In Younger v. Harris, 401 U.S. 37, 53-54 (1971), the Supreme Court

6    recognized a long-standing policy against federal court interference in ongoing state proceedings.

7    Younger abstention is appropriate when (1) there are ongoing state proceedings (2) that implicate

8    important state interests and (3) there is an adequate opportunity to raise federal issues in the state

9    proceedings.  Middlesex Cnty. Ethics Comm. v. Garden State Bar Assoc., 457 U.S. 423, 432

10   (1982).  Courts have found Younger abstention appropriate when asked to restrain state unlawful

11   detainer proceedings.  See, e.g., Contreras v. MTC Fin. Inc., 2010 WL 5441950, at *1 (N.D. Cal.

12   Dec. 28, 2010); Wadhwa v. Aurora Loan Servs., LLC, No. CIV. S-11-1784-KJM-KJN, 2011 WL

13   2681483, at *3 (E.D. Cal. July 8, 2011).

14        Here, the gravamen of plaintiff's complaint concerns his eviction, which involve state

15   court proceedings.  To the extent proceedings in state court may be ongoing, this case is barred by

16   the doctrine of Younger abstention, which prohibits a federal court's interference with an ongoing

17   state court case where the "pending state proceeding that implicates important state interests and

18   provides the federal plaintiff with an opportunity to raise federal claims."  Baffert v. California

19   Horse Racing Bd., 332 F.3d 613, 617 (9th Cir. 2003).  If the underlying eviction proceedings

20   have concluded and plaintiff seeks to reverse an adverse ruling, the Rooker-Feldman doctrine

21   prevents the court from exercising jurisdiction over this case because it would constitute an

22   improper de facto appeal of state court orders regarding property ownership and possession.  See

23   Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v.

24   Feldman, 460 U.S. 462 (1983).

25        Finally, although the complaint cites to two federal criminal statutes as a basis for

26   plaintiff's action, neither provides a private right of action  (ECF No. 1 at 1, citing 18 U.S.C.

27   § 371 and 18 U.S.C. § 242).  Newman v. Caliber Home Loans, Inc., 2018 WL 3361442, at *1

28   (S.D. Cal. July 10, 2018) (holding that 18 U.S.C. § 371 "is a criminal statute and does not provide

1    a private cause of action"); <u>Uziel v. Superior Ct. of Cal.</u>, 857 Fed. App'x 405, 406 (9th Cir. 2021)

2    (holding that 18 U.S.C. § 242 does not provide a private right of action).  Accordingly, plaintiff,

3    as a private individual, cannot pursue claims against defendants under 18 U.S.C. § 371 or 18

4    U.S.C. § 242.

5        Accordingly, plaintiff's complaint should be dismissed.  Because the jurisdictional defects

6    in the complaint are inherent to the gravamen of the complaint, they are not defects that can be

7    cured by the pleading of additional facts.  Thus, amendment would be futile and should not be

8    granted.  <u>See</u> <u>Hartmann v. CDCR</u>, 707 F.3d 1114, 1130 (9th Cir. 2013) (leave to amend may be

9    denied when amendment would be futile).

10                           **FINDINGS AND RECOMMENDATIONS**

11       It is RECOMMENDED that:

12       1.  The action be DISMISSED WITH PREJUDICE;

13       2.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED AS MOOT;

14           and

15       3.  The Clerk of Court be directed to CLOSE this case.

16   These findings and recommendations are submitted to the United States District Judge assigned to

17   the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after

18   being served with these findings and recommendations, plaintiff may file written objections with

19   the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

20   Recommendations."  Plaintiff is  advised that failure to file objections within the specified time

21   may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455

22   (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

23   Dated:  February 5, 2024

24                                    _____

25   pede.2165                        KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE
26

27

28

                                           4